IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CR-12-290-R |
| | ) | CIV-16-574-R |
| GARY COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On June 20, 2016, Defendant Gary Cooper filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 295). Therein he challenges his May 6, 2013 Judgment and Sentence for Possession with the Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 841(a)(1). Defendant contends that he was sentenced pursuant to an armed career offender guideline that was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). He further contends that counsel was constitutionally ineffective with regard to plea advice he offered to Defendant, specifically that he estimated Defendant would be sentenced to two-years imprisonment, when in reality he was sentenced to 235-months.[1]

Pursuant to a motion filed on May 16, 2016, the Court appointed counsel for Defendant for purposes of seeking relief pursuant to *Johnson*. On June 9, 2016, counsel

---

[1] Defendant's sentence was reduced to 188 months following the implementation of Amendment 782 to the United States Sentencing Guidelines.

filed an Advisement to the Court informing the Court that he would not pursue a *Johnson* claim on behalf of Mr. Cooper, because Mr. Cooper is not eligible for such relief. Specifically, counsel stated that due to the quantity of methamphetamine involved, Mr. Cooper's base level offense after adjusting for his role in the offense and his acceptance of responsibility was a 33, which was greater than the 32 that would have applied if the § 4B1.1 Guideline was applied. Accordingly, counsel concluded Mr. Cooper was not sentenced pursuant to any residual clause that was impacted by the decision in *Johnson*.

Defendant thereafter filed the instant motion *pro se*, raising the two issues noted above. The United States was ordered to respond and has done so, asserting, for the same reasons set forth in the advisement, that Mr. Cooper is not entitled to relief under *Johnson*. The Government further contends that Mr. Cooper's ineffective assistance of counsel claim was waived by virtue of the terms of his plea agreement, and regardless, is untimely.

The Court concurs with the Government that Mr. Cooper is not entitled to relief pursuant to *Johnson*. As noted above, although Mr. Cooper was eligible for sentencing enhancement under § 4B1.1, because his base level offense was otherwise higher, the Court did not apply the career offender provisions of the guidelines and therefore Mr. Cooper cannot be entitled to relief because his sentence was based on an unconstitutional provision of the guidelines. As such, the motion is denied with regard to Mr. Cooper's claim under *Johnson*.

Furthermore, any attempt by Defendant to challenge the effectiveness of his counsel is untimely. In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final. 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment was entered in this case on May 6, 2013. Petitioner did not file a direct appeal, and thus his conviction became final when the time to file a direct appeal expired on May 20, 2013. Mr. Cooper did not file the instant motion until June 2016, more than two years after expiration of the statute of limitations. Defendant's ineffective assistance of counsel claim does not implicate any of the alternative limitations period for a § 2255 motion. Additionally, Mr. Cooper presents no factual basis for equitable tolling of the one-year limitations period. Defendant's sole basis for the delay in the filing of the motion was the fact that *Johnson* had not been decided by the Supreme Court. However, as argued by the United States, and set forth above, *Johnson* does not apply to Defendant and furthermore, his ineffective assistance of counsel claim is not premised on *Johnson*. As such, Defendant is not entitled to § 2255 relief on this basis.

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED.

**IT IS SO ORDERED** this 9th day of November, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE